UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 10-21580-CIV-KING

BARRY BARAK,
SHARON CHOLODOFSKY a/k/a/
SHERI CHOLODOFSKY,
RICHARD PERLMAN, and
MICHAEL W. PERLMAN
REVOCABLE TRUST,

    Plaintiffs,

v.

ALAN A. LIPS, GERSON, PRESTON,
ROBINSON, & COMPANY, P.A.,
GARY R. GERSON, and
RICHARD C. PRESTON,

    Defendants.
_____/

## ORDER DENYING MOTION TO STAY

**THIS CAUSE** comes before the court upon the filing of Defendants' Motion to Stay (DE #23) filed July 29, 2010. Plaintiffs filed their response (DE #20) on July 21, 2010 and Defendants their reply (DE #21) on July 28, 2010. On August 5, 2010 the Court held oral argument on Defendants' Motion. For the reasons stated herein, the Court denies Defendants' Motion to Stay.

Plaintiffs filed the six-count Complaint in the above-styled action on May 17, 2010 alleging violations of Sections 10(b) and 20(A) of the Securities Exchange Act of 1934. Prior to bringing suit in federal court Plaintiffs filed an action in state court on August 20, 2009, and a second action on June 8, 2010. On June 16, 2010, Defendants moved to stay

(DE #15) this case until the state cases are litigated to completion.

The basis of Defendants' motion is that the above-styled case is a parallel action to the state cases, in which the "exact same issues" are present. Defendants argue, and Plaintiffs concede, that this case relies on the same set of material facts as the ongoing litigation in state court. However, even though the cases stem from the same fact pattern, Plaintiffs' federal action contains no duplicate claims. This is Plaintiffs' primary argument against abstention. The federal action contains only federal claims, which are under the exclusive jurisdiction of the federal courts. *See Sides v. Simmons*, 2007 WL 3344405 (S.D. Fla 2007). "Section 27 of the Act grants Federal District Courts exclusive jurisdiction over "violations of this title or the rules and regulations thereunder, and of all suits in equity and actions at law brought to enforce any liability or duty created by this title or the rules and regulations thereunder. 15 U.S.C. § 78aa." *Id*. at 4. Therefore, because the claims lodged in the Plaintiffs' Complaint are exclusively subject to federal jurisdiction, they will be heard by the undersigned at some juncture. The issue before the Court is whether pursuant to the *Colorado River* doctrine the Court should stay the above-styled case for what could be an indefinite period of time, or proceed with litigation. *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 813 (1976).

Abstention is an extraordinary and narrow exception to the duty of a District Court to adjudicate a controversy properly before it" and may only be allowed in "exceptional circumstances" where abstaining "would clearly serve a countervailing interest." *Simmons*

2007 WL 3344405 at 3 (citing *Colorado River*, 424 U.S. at 813). Abstention under the *Colorado River* doctrine is appropriate when "considerations of wise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation," favor deferring to the concurrent state court proceeding. *Id.* The *Colorado River* court outlined a six-prong balancing test to consider when determining whether abstention is appropriate: (1) whether a state or federal court has retained jurisdiction over the property; (2) whether the federal forum is inconvenient; (3) whether there is potential for piecemeal litigation; (4) whether the state or federal court obtained jurisdiction first; (5) whether state or federal law is at issue; and (6) whether state court can adequately protect the parties' rights. *Colorado River*, U.S. at 817-18. Particularly instructive is the Eleventh Circuit's decision in *Ambrosia Coal*, which is the controlling case addressing the proper application of the *Colorado River* abstention factors in the Eleventh Circuit. *See Ambrosia Coal and Construction Co. v. Pages Morales*, 368 F. 3d 1320, 1332-34 (11th Cir. 2004) (holding that analysis of the *Colorado River* begins with a strong presumption disfavoring abstention and in favor of exercising jurisdiction); *Lops v. Lops*, 140 F. 3d 927, 942 (11th Cir. 1998) (holding that abstention from the exercise of federal jurisdiction is the exception rather than the rule, and where parallel state court litigation exists, the doctrine of abstention is an extraordinary and narrow exception to the duty of district courts to adjudicate controversies properly before them).

After carefully considering the *Colorado River* factors, the directive in *Ambrosia Coal*

and the Court's preference and usual practice of efficiently moving cases towards resolution, the Court finds that a stay of the above-styled action is not warranted. This case involves only eight (8) parties, and as of the date of this order, there has not been any property seized in the state action. Moreover, the state court cases have not progressed significantly since they were first filed, over eight-months ago. As the parties pointed out at oral argument, due to the high number of foreclosure cases in the state court system, the state cases are unlikely to move at a much faster pace in the future. A stay of this action would result in a substantial delay for resolution to their federal claims. Accordingly, after a careful review of the record and the court being otherwise fully advised, it is

**ORDERED and ADJUDGED and DECREED** that Defendants' Motion to Stay (DE #23) be, and the same is hereby **DENIED.**

**ORDERED** in chambers at the James Lawrence King Federal Justice Building and United States District Courthouse, Miami, Florida this 6th day of August, 2010.

JAMES LAWRENCE KING
UNITED STATES DISTRICT JUDGE

cc:   *Plaintiffs' Counsel*

**Bruce Alan Katzen**

Kluger Kaplan Silverman Katzen & Levine, P.L.
Miami Center

201 S Biscayne Boulevard
Suite 1700
Miami, FL 33131-8424

**Casey H. Cusick**
Thornton Davis & Fein
Brickell Bay View Centre
80 SW 8th Street
Suite 2900
Miami, FL 33130

cc: *Defendants' Counsel*

**Jose Ignacio Rojas**
Rojas Law Firm LLP
Two Datran Center Suite 1209
9130 S Dadeland Boulevard
Miami, FL 33156

**Joseph A. DeMaria**
Tew Cardenas LLP
Four Seasons Tower
1441 Brickell Avenue
15th Floor
Miami, FL 33131-3407

**Brett M. Halsey**
Tew Cardenas LLP
Four Seasons Tower
1441 Brickell Avenue
15th Floor
Miami, FL 33131-3407

**Bryan Thomas West**
Tew Cardenas LLP
Four Seasons Tower
1441 Brickell Avenue
15th Floor
Miami, FL 33131-3407